## No. 8229.

### JAMES W. FEE VS. THE NEW ORLEANS GAS LIGHT COMPANY.

The articles of consolidation between the N. O. Gas Light Co. and the Crescent City Gas Light Co., executed under the legislative authority conferred by Act 157 of 1874, operated a complete and perfect amalgamation, the effects of which were to terminate the existence of the original corporations, to create a new corporation, to transmute the members of the former into members of the latter, and to transfer the property, rights and liabilities of each old Company to the new one.

The law authorized three-fifths of the stockholders of the original corporations to effect this consolidation, but it did not authorize them to place stock of non-participating stockholders on an inferior footing to their own, or to transfer their rights to a third person without their consent.

Plaintiff, as holder of stock in the Crescent City Gas Light Company, became entitled to the equivalent in stock of the new Company, secured by the articles of consolidation to his fellow stockholders, and no payment or delivery to a third person, unauthorized by him, can be set up in satisfaction of his rights.

Inasmuch as plaintiff's claim is not for any particular shares of stock in the new corporation, he has nothing to do with such unauthorized transferree, and need not make him a party to his suit. It is only where the claimant of particular shares of stock in a corporation encounters a rival claimant to ownership of the same, that the latter must be made a party.

**A**PPEAL from the Civil District Court for the Parish of Orleans. *Righter,* J.

*Singleton & Browne* and *Leovy & Kruttschnitt* for Plaintiff and Appellee:

1. Plaintiff is the holder of 100 shares of the capital stock of the Crescent City Gas Light Company.

2. That Company has consolidated with the New Orleans Gas Light Company. The effect of this consolidation is the dissolution of both of the constituent corporations, and the creation of a new corporation, to which passed all the rights and obligations of the old ones. Act 157 of 1874; Green's Brices Ultra Vires, pp. 606, 607, 608, 637; Indianapolis, C. & L. R. R. vs. Jones, 29 Ind. 283; S. C. Withrow's American Corporation Cases, vol. 1, p. 351; Paine vs. Lake Erie & Louisville R. R. Co., 31 Ind. 283; S. C. Withrow's American Corporation Cases, vol. 1, p. 404.

3. Plaintiff, in an action against the new Company as the heir or successor to the person of the old Crescent City Company, is entitled to be recognized as the owner of the fraction of the capital stock of the new Company representing and standing in lieu of his 100 shares of the capital stock of the old Crescent City Company.

4. He is also entitled to recover in an action against the new Company, even if we view it as a third person, with whom a contract has been made by his agent for his benefit, because

Fee vs. Gas Company.

the contract had not been executed by delivery of stock to the agent at the date of the institution of this suit, by which suit the agency was terminated, and a direct delivery to plaintiff claimed.

*Thos. J. Semmes* for Defendant and Appellant:

1. A suit to recover shares of stock or their value, brought by a corporation, cannot be adjudicated in the absence of the person in whose name such shares stand on the books of the company. Such person is a necessary party. 2 Woods, 147; 20 An. 383; 32 An. 548.

2. He who stands by and allows another to deal with property as his own, cannot dispute the right of one whom he has assisted in deceiving. 2 Story Eq. § 1537; 2 Phillips Ch. R. 123; 10 A. and E. 90; 5 John. Ch. 272.

3. A party who sues in affirmance of a contract is estopped to dispute any of its provisions. 1 P. F. Smith (Pa.) 483; 7 How. 276; 27 An. 631; 14 Gray, 533; 43 Wis. 420; Bacon's Abridg., vol. 3, p. 314, verbo Election; 25 Beav. 598; 12 How. 58.

4. A contract between A and B for indemnity from loss by claims of third persons against B, cannot be of any avail to such third persons. Whitehead vs. Dugan, 27 An. 410.

The opinion of the Court was delivered by

FENNER, J.   On the 29th of March, 1875, the New Orleans Gas Light Co. and the Crescent City Gas Light Co., two corporations chartered under the laws of this State, amalgamated, united and consolidated themselves into one consolidated Company, in pursuance of the provisions of an Act of the General Assembly, No. 157 of 1874, entitled, "An Act to authorize the consolidation of business or manufacturing corporations or companies."

That Act authorized such consolidation into " one consolidated company, holding and enjoying all the rights, privileges, powers and franchises belonging to each, and under such corporate name as they may adopt or agree upon," the consolidation " to be made by agreement in writing, by or under authority of the Board of Directors and the assent of the owners of at least three-fifths of the capital stock of each of said corporations."

All requirements of the Act were fully complied with.

The name adopted for the consolidated Company was " The New Orleans Gas Light Company."

The capital stock of the consolidated Company was fixed at $10,000,000, of which the sum of $3,750,000, or 37,500 shares were to be then issued as full paid.   Of these, 25,000 shares were to be divided *pro rata* among the stockholders of the old New Orleans Gas Light Company.

With reference to the stock of the other Company, the Articles contained the following provisions : " All certificates for stock issued by the Crescent City Gas Light Company are hereby annulled and cancelled, and considered as of no legal effect, or in any manner binding on the consolidated Company, to which Company the said cancelled certificates, together with the archives, and rights and property of said

Crescent City Gas Light Company are to be transferred and conveyed and surrendered upon the ratification of this agreement; and in lieu thereof, there shall be issued to Henry Y. Attrill, as representative of all the stockholders of said Company, and at their request, 12,500 shares of full paid stock of the consolidated Company, amounting to $1,250,000, the same being the proportional part of the $3,750,000 of full paid stock allotted under this agreement to the stockholders of the Crescent City Gas Light Co."

Before these 12,500 shares of stock were issued to Mr. Attrill, who claimed to represent all the stockholders, it appears that the president and directors received notices from persons not represented by him and claiming to hold stock; and as a guaranty against such claims, with his consent, there was endorsed upon 1,200 shares of the stock issued to him, the following statement: "this certificate is issued subject to the right of this Company to cancel the stock it represents on the books of the Company, in case it becomes necessary to indemnify itself to cover claims of any person who may establish rights to stock in the Crescent City Gas Light Co., and is only assignable subject to this condition." This stock so endorsed is aptly termed, "black-eyed stock," and the evidence establishes that 630 shares of it still stands in the name of Attrill.

The plaintiff in the present case alleges that, long prior to the consolidation, he became and remains the owner of one hundred shares of the stock of the Crescent City Gas Light Co.; that he took no part, and was unrepresented by Attrill or anyone else, in the consolidation; that, after the consolidation, he promptly notified defendant of his rights; that he is entitled to stock in the new Company in the proportion to his old stock stipulated in the articles of consolidation, with all dividends declared thereon from the date of his notice.

The defenses urged in pleading and argument are as follows:

1. It is denied that plaintiff was a stockholder in the Crescent City Gas Light Co., as claimed. The evidence satisfies us that he was, and we conceive this defense to be substantially abandoned.

2. It is claimed that Attrill was a necessary party to this suit. ·

The circumstances of this case are entirely different from those presented in the cases of St. Romes vs. Cotton Press, 20 An. 383, and Reid vs. Ins. Co., 32 An. 548. In those cases the plaintiffs claimed ownership of particular shares of stock in the defendant corporation, which had been transferred to third persons and was claimed by them. It was held that the stock in controversy could not belong, at the same time, to the plaintiffs and to the transferrees, and that the question of ownership could not be determined except contradictorily with the latter. But here Fee has never owned, and does not claim, any particular

shares of stock in the defendant Company. The only particular shares of stock he ever owned were one hundred shares in the Crescent City Gas Light Co. It is not pretended that he, or any other person acting as his agent, has ever transferred these shares of stock to any one on the books of that Company, nor is it claimed that anybody pretends to be the owner thereof. His ownership of these shares entitles him, under the articles of 'consolidation, to the stipulated equivalent in the stock of the new Company. This equivalent stock has never been set aside or allotted to him, and he now claims that this should be done. He has nothing to do with Attrill. If the new Company has given Attrill more stock than he was entitled to, this cannot operate to the prejudice of plaintiff. It is not a case where all the stock of the corporation has been issued and where, therefore, however clear his rights, they could only be enforced by way of damages. The articles of consolidation show that the corporation has a large amount of unissued stock, which, in the worst event, could be used in satisfaction of his demand. But fortunately, in the "black eyed stock," the defendant has made ample and sufficient provision for its own protection against injury from the excessive issue to Attrill. That, however, is a matter between defendant and Attrill, with which plaintiff has no concern.

3. It is contended that the consolidation does not give plaintiff a right of action against the new Company.

We cannot take this view.

The articles of consolidation and the legislative Act by authority of which they were executed, evidently present a case of complete and perfect amalgamation, the effect of which was, under American authorities, to terminate the existence of the original corporations, to create a new corporation, to transmute the members of the former into members of the latter, and to operate a transfer of the property, rights and liabilities of each old Company to the new one. Brice *Ultra Vires,* pp. 606–608, 637; Field on Corporations, Sec. 434; Indianapolis R. R. vs. Jones, 29 Ind. 465; Paine vs. Lake Erie, 31 Ind. 283.

These authorities, and the reason of the matter, satisfy us that plaintiff can and must look to the defendant Company for the satisfaction of whatever rights he had against the Crescent City Gas Light Co., in the mode and on the terms provided in the articles of consolidation.

4. It is urged that inasmuch as plaintiff sues in affirmance of the contract of consolidation, he is estopped from disputing any of its provisions, and is, therefore, bound by that provision which authorized the delivery to Attrill, as representative of all the stockholders, of 1,250 shares in satisfaction of all the stock to which the stockholders of the Crescent City Gas Light Co. were entitled.

Numerous authorities are cited in support of the general proposition above stated ; but their inapplicability results from the fact that he is not affirming, but only submitting to the contract. He was no party to the contract, and he is bound thereby just in so far as the contracting parties had the right to bind him, and no further. The law conferred upon three-fifths of his fellow-stockholders the power to effect a consolidation without his consent and even against his will, and he is bound by that consolidation and by the legal effects thereof, which we have heretofore stated. But the law did not confer upon three-fifths or ninety-nine one hundredths of the stockholders, the power to place his rights as a stockholder on a different and inferior footing to their own rights as stockholders in equal case ; nor did it confer upon them the power, without his authority, to transfer his rights to any third person whatever. He has the right to repudiate any such attempt. Bound by the consolidation, he is entitled to the same rights in the new Company which were secured to his fellow-stockholders, and no payment or delivery to any unauthorized third person can be set up in satisfaction of those rights. The evidence establishes no express or implied acquiescence in, or ratification of, the delivery to Attrill of any stock in satisfaction of plaintiff's rights.

This disposes of the case; for the mere inaction of plaintiff in not inviting the Crescent City Gas Light Co. to sue him for assessments on his stock which he did not believe to be legal, was a violation of no legal duty, and was without legal effect. It is not pretended that his stock was forfeited, and not even any claim for the alleged assessments is now set up.

If plaintiff has acquired the valuable fruits resulting from the judgment herein for a song, he is, in that respect, only in common case with his brother stockholders in the speculative concern known as the Crescent City Gas Light Co.

Judgment affirmed at appellant's cost.

---

ON APPLICATION FOR REHEARING.

The constitutional objections which, it is now suggested, Fee might have urged to the Act of 1874, authorizing the consolidation of corporations, on the grounds of impairment of the obligations of his contract and divestiture of his vested rights as a stockholder in the Crescent City Gas Light Co., which was chartered prior to the passage of that law, did not escape our consideration in our original decision herein. No such objections, however, were urged by Fee. He was not bound to urge them, and we could not supply them. We were, therefore, fully authorized in treating that law as a valid law, binding

on him and on all persons who did not possess and urge the right of constitutional exemption from its operation.

From this point of view, it will be at once apparent that the objections now urged to our decision have no force. Defendant acted under that law and is bound by it. Fee submits to that law and is entitled to its protection.

Rehearing refused.