Mineral Water Manufacturing Company vs. Deblieux and Letorey.

## No. 10,043.

CRESCENT CITY SELTZ AND MINERAL WATER MANUFACTURING
COMPANY VS. EDWIN DEBLIEUX AND VICTOR LETOREY.

| 40 | 155 |
| 114 | 325 |
| 40 | 155 |
| 117 | 307 |
| 40 | 155 |
| 125 | 147 |

The action against defendant, Letorey, is not sustained by the evidence, so far as it charges simulation, and, as a revocatory action, is barred by the prescription of one year.

A pledge of shares of stock in corporations is validly effected by the delivery of the certificates, without the necessity of notice to the corporation or transfer on its books.

The case is not affected by the fact that the certificates refer to the charter, which contains a provision that no sale or transfer shall be made without first giving the corporation sixty days' notice, with the privilege to it or its members to purchase on equal terms.

Such provision obviously refers to transfers of ownership, and not to pledges. It will be time enough to discuss its effect and the rights of the corporation under it, when the pledgee shall seek to sell the stock in satisfaction of his pledge.

APPEAL from the Civil District Court, Parish of Orleans.
Houston, J.

S. Belden, for Plaintiff and Appellee.

White & Saunders, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The plaintiff took out a writ of attachment against its debtor, Deblieux, under which it seized, in the hands of Henry Tremoulet, a certain share of its own stock which was owned by him. Tremoulet refused to deliver the stock certificate to the sheriff. Thereupon plaintiff filed a supplemental petition, making Tremoulet a party, in which it was alleged that the latter was holding said stock as a confederate of Deblieux in an attempt to defraud his creditors, and had thereby made himself liable for the debts, and praying judgment against both. Tremoulet answered that he held said stock as agent of Victor Letorey, to whom it had been validly pledged for a debt of seven thousand dollars.

Plaintiff then dismissed its suit against Tremoulet and filed another petition, to which it made Letorey a party, in which, under appropriate allegations of fraud and simulation, it prayed for judgment decreeing Letorey's pledge to be fraudulent and null and without effect upon plaintiff's rights under the attachment. Letorey answered, asserting the validity and good faith of his debt and pledge.

On these issues the case went to trial. The judge a quo does not find that either the debt or pledge of Letorey was simulated or fraudulent. Indeed, the evidence abundantly establishes that the pledge was a reality and made to secure a bona fide debt, and that, even if it had been made in fraud of creditors, the revocatory action

was clearly barred by the prescription of one year, which was duly pleaded.

But the judge avoided Letorey's pledge on the ground, that notice thereof had not been given to the corporation, and subjected the stock to plaintiff's attachment.

It is now perfectly settled that shares of stock in corporations may be validly pledged by delivery of the stock certificates without the necessity of notice to the corporation or transfer on its books. Pitot vs. Johnson, 33 Ann. 1286; Factors vs Marine, 31 Ann. 149; Friedlander vs. Slaughterhouse, *id.* 523; Smith vs. Slaughterhouse, 30 Ann. 1378.

The judge, however, held that these authorities did not apply to the instant case, because the certificate recited that the stock is "transferable only on the books of the corporation in accordance with its charter," and because the charter contains the following provision:

"*Transfers* of stock shall be made only on the books of this corporation, at its office, and no *sale or transfer* shall be made by the owners, nor be valid until *sixty days' notice of the intention to transfer* or sell said stock shall have been given to the president of the corporation, and unless, also, this corporation, or in default thereof, any one or more members of said corporation, shall *have had the privilege of purchasing* said share or shares of capital stock at the *bona fide* price offered therefor outside of this corporation, or in default of any such offer, at the market value of such share or shares."

It is obvious that this provision refers only to transfers of ownership, and not to pledges, its object being to prevent the disposition of the stock to strangers without first giving the corporation or its members the opportunity of purchasing at an equal price.

When Letorey shall seek to enforce his pledge by sale and transfer of the stock, it will be time enough to discuss the effect of this provision and the corporation's rights thereunder to claim said notice and privilege.

For the present Deblieux remains the owner and Letorey's rights as pledgee, being fully established, must be maintained.

It is, therefore, ordered and adjudged that the judgment appealed from, in so far as it affects Victor Letorey, be annulled and set aside, and that there be judgment rejecting the demand of plaintiff as against said Letorey, and maintaining the validity and effect of the latter's pledge of the share of stock attached herein, plaintiff to pay the costs of this appeal.