Kern vs. Day.

## No. 10,924.

### WILLIAM KERN VS. JAMES I. DAY.

1. The attaching creditor of one who appears on the books of a corporation as registered owner of shares of its stock can not hold the stock against the true equitable owner who holds the certificate of stock duly indorsed by the debtor.

2. No estoppel arises to prevent the true owner from asserting his title. His permitting the debtor to appear as holder on the books of the corporation did not invest the latter with such *indicia* of title as could prejudice third persons, because he could not sell or dispose of the stock without producing the certificate.

3. As a general rule, attachment gives the creditor no , better right to the property attached than the debtor had at the time of the levy; it takes effect only on the debtor's interest and does not amplify his title.

4. Whether the equitable owner, being a corporation, had the right to own stock in another corporation is dependent on its charter, which is not produced, or upon the circumstances under which the ownership was acquired, which are not in evidence; and, at all events, the attaching creditor has no right or interest to raise such question.

5. The alleged violation of its charter by the bank in electing the debtor as a director when he did not own, in his own right, twenty-five shares of stock, has no pertinence in this case, because the garnishee is not shown to have been privy thereto, and if it had been. that would not forfeit its ownership of the stock in favor of third persons not connected with either corporation.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*T. M. Gill* for Plaintiff and Appellant:

1. All transfers of shares of stock of the Citizens Bank of Louisiana must be registered on the bank's books. Charter filed and made part of record, p. 122, Rule XI and Sec. 18, p. 17.

2. Complete and perfect transfer must be recorded on the corporate books. Cook on Stocks and Stockholders, Sec. 375.

3. The legal qualifications of a director of the Citizens Bank of Louisiana, is a natural person, a citizen of the State, and a *bona fide* owner in his own name of 25 shares of paid up stock. See Charter Citizens Bank, pp. 16, 58, 97, 98, 100 and 118.

4. A party who is at liberty to abstain from an act and does not do so can not be screened from the legal consequences of said act. 18 An. 64.

5. A party who by his own voluntary act places himself in a situation as to matter of fact, founded on obligation of truth which every man is under, etc., to prevent unavoidable injury, confusion, falsehood and want of confidence in men, or uses concealment, is estopped from succeeding in such action. 5 An. 22, 107.

6. The insurance company could not own stock in the bank, and therefore can not claim it. 28 An. 173, 174; 37 An. 237; Boone on Corporations, Sec. 107; Cook on Stocks and Stockholders, Sec. 317.

Kern vs. Day.

*Leovy & Blair* for the Sun Mutual Insurance Company, Garnishee:

1. The title and possession of shares of stock of a corporation passes by delivery of the certificate therefor properly endorsed or accompanied by a blank power of transfer. Registry of transfer on the books of the corporation is not necessary either as a muniment or as evidence of title. Pitot vs. Johnson et al , 33 An. 1286; Factors and Traders Insurance Co. vs. Dock Co., 31 An. 49; Smith vs. Slaughter House Co., 30 An. 1378

2. Such *indicia* of title protect the real owner of stock from seizing creditors of the person in whose name the stock stands on the books of the corporation. He is not estopped from asserting his title by his failure to have the stock transferred on the corporate records; for no one has any right to rely upon the books of the corporation as proof of ownership. Authorities *supra*.

3. An essential element of estoppel *en pais* is that the person relying on it must have been misled to his prejudice by the declarations or conduct of the one against whom it is pleaded.

The opinion of the court was delivered by

FENNER, J. Plaintiff, a judgment creditor of defendant, sought to seize by garnishment process certain shares of stock which stood in the name of the defendant on the books of the Citizens Bank.

The bank and the Sun Mutual Insurance Company were made garnishees.

The bank answered: "Defendant James I. Day was and still is registered as the holder of twenty-seven shares of the stock of this bank, but at and prior to date of service said bank had issued and there is still extant the certificate for said shares transferable by delivery so as to convey title to said shares, and no seizure, or sale, or transfer of said shares can be effected without the production and surrender to the bank of said certificate, and accordingly the bank answers that only the holder of said certificate was, at the date of said service or since, the owner of said shares; and the bank, further answering, says that the Sun Mutual Insurance Company has notified the bank that said company is the holder and owner for value of said certificate and said shares, and was the owner at and prior to date of service of interrogatories herein."

The Sun Insurance Company answered:

"No. And for further answer to all of said interrogatories garnishee says that it holds in its possession, and has had in its possession and control ever since the date of its issuance, a certificate for twenty-five (should be twenty-seven) shares of the capital stock of the Citizens Bank of Louisiana, issued to Jas. I. Day, defendant

herein, on November 22, 1888, and numbered 1749; but garnishee says that defendant is not and never was the owner of said shares of stock or any part thereof or of any right or interest therein, but that the same now belong and have always, ever since their issuance, belonged to garnishee and were paid for by it, and were issued in the name of its president for purposes of business convenience; that, accordingly, on the date of the issuance of said certificate for said stock the said defendant delivered said certificate for said shares of stock to garnishee, who has ever since had the same in its custody and control, and at the same time executed and delivered to garnishee an irrevocable power of attorney authorizing L. M. Finley, its vice president, or any other person whose name might be inserted in the blank left for that purpose, to transfer back to garnishee on the books of the said Citizens Bank of Louisiana the said twenty-seven shares of stock; that these facts have for years been known to the said bank."

The answers of the bank were not traversed. Those of the insurance company were traversed, but no evidence was introduced to contradict them except as to the last statement of notice to the bank, as to which the president, Mr. Nott, testified that he was not aware of such notice; but Mr. Nott had only been president for two or three months and his testimony does not negative the fact of notice before his incumbency. That point, however, is immaterial.

The facts stated in the answers, being uncontradicted, must stand as true, and plaintiff's traverse has nothing to rest on except the point of law therein made, "that the Sun Mutual Insurance Company, if its answers be true, having by its own voluntary act, which it was at liberty to abstain from, paid for said stock and permitted the title thereof to be registered on the books of the bank in the name of Day, and the same having been seized herein, is estopped and precluded from denying the fact of ownership in Day or to charge the falsity of the same to affect third persons."

The point of law is not sound.

The insurance company, having paid for the stock and being the true owner and holding the certificate thereof properly indorsed by Day, stood in a position at least as strong as that of a *bona fide* purchaser or pledgee with like transfer of the certificate. The law applicable is well stated by Mr. Morawetz: "A creditor by attachment is only entitled to step into the place of the debtor in respect

to the latter's property and contract rights.   He is not entitled, upon any principle of justice or common honesty, to pay his debt out of property which does not in truth belong to his debtor.   *   *   *   It is wholly immaterial whether the shares have been transferred on the company's books or not.   *   *   *   By the terms of the certificate the corporation certifies that the holder is entitled to a specified number of shares, and that these shares are transferable upon a surrender of the certificate by the holder or his assignee.  By the contract of the parties the corporation is liable to the assignee of the certificates to receive him as a shareholder upon a compliance with the forms of a transfer, and it is not liable to receive any assignee until the certificate is surrendered.   To hold that the creditor of a person appearing as shareholder upon the company's books can obtain a valid title to the shares by levying an attachment or judgment after the holder has assigned the certificates to a purchaser for value, would, therefore, not only be in violation of the rights of the equitable owner, but would be in violation of the contract entered into by the corporation."   1 Morawetz, Priv. Corp., Sec. 196.

These principles have been repeatedly adopted and applied by this court.   Pitot vs. Johnson, 33 An. 1286; Factors Ins. Co. vs. Dock Co. 31 An 49; Smith vs. Slaughter House Co. 30 An. 1378.

This case is not dissimilar to one recently decided by us, where a creditor of the registered owner of a vessel seized it and attempted to hold it against the true equitable owner, in which we said:   "It is claimed that, as attaching creditors, they have acquired rights superior to those of their debtor and can maintain his title though he himself could not.   This is contrary to the general principles of attachment, which give to the attaching creditor no better right than his debtor had to the property attached."   Bank vs. Williams, 43 An. 422.

Day had no right to this stock.   He could not sell or dispose of it, having transferred the certificate; and, therefore, the principle, " Where the debtor can sell his creditor may attach," is not violated.

No question of estoppel arises.   The insurance company had invested Day with no *indicia* of ownership that could enable him to prejudice third persons.   It retained the certificate duly endorsed, without which Day could not validly dispose of or incumber the stock.

The power of attorney endorsed on the certificate, though the

Bank vs. Flathers.

name of the transferee is left blank, is the equivalent of a transfer to the holder and is the ordinary mercantile method of executing such transfer.   1 Morawetz, Sec. 185.

We can perceive no right or interest in plaintiff to raise question as to the right of one corporation to become a stockholder in another.   The record does not exhibit the charter of the Sun Insurance Company, which may confer such power; and if not, the case might fall within the exceptional circumstances under which such transactions may be supported.   Morawetz, Secs. 431, 432.

Plaintiff's right is satisfied when he finds that the stock seized is not the property of his debtor.

The fact that the Citizens Bank elected Day a director under a provision of its charter which prohibits any one from being director who does not own twenty-five shares of stock is impertinent to this case.   The insurance company is not shown to have been privy thereto, and if it had been, we can discover no ground on which that would entail a forfeiture of its ownership of this stock in favor of third persons not connected with either corporation.

Judgment affirmed.