GARRETT v. FIRST STATE BANK OF
KINGSVILLE et al. (No. 5790.)

(Court of Civil Appeals of Texas. San Antonio.
Feb. 14, 1917.)

1. VENUE &ecirc;&#8594;22(1)—CODEFENDANTS—NATURE
OF RELIEF—INJUNCTION.

In a suit against a bank and two individuals, residents of other counties, seeking injunctive relief, if no cause of action against the bank was stated and the injunctive relief was ancillary to the real cause of action based on a contract, the plea of the individual defendants of privilege to be sued in their own county must be sustained.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 35.]

2. VENUE &ecirc;&#8594;22(1)—CODEFENDANTS—INJUNCTION.

In action by stockholder of bank, who alleged that certificates of stock were unlawfully taken from his possession by an individual defendant, and who sought injunction against the bank and the individuals to restrain transfer of the stock to their names, and to require the bank to issue new certificates to plaintiff, the injunctive relief asked was not merely ancillary to the chief cause of action, and therefore the plea of privilege of the individuals to be sued in their own county should have been overruled.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 35.]

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Suit by J. E. Garrett against the First State Bank of Kingsville and others. From an order transferring cause to another county, plaintiff appeals. Reversed, and cause remanded.

Pollard & Crenshaw, of Kingsville, and E. B. Ward, of Corpus Christi, for appellant. W. R. Perkins, of Alice, and H. S. Bonham, of Beeville, for appellees.

SWEARINGEN, J. This is a suit, in the district court of Kleberg county, by appellant, J. E. Garrett, against the First State Bank of Kingsville, with business domicile in Kleberg county, Tex., and J. E. Orfila and Leo Rosenfield, residents of Webb and El Paso counties, respectively, for cancellation of lost certificates of stock of the defendant bank and for reissue to appellant of new certificates in lieu of those lost. J. E. Orfila and Leo Rosenfield filed pleas of privilege to be sued in the county of their residence. The court sustained the plea of J. E. Orfila, and ordered the cause transferred to Webb county. Appellant made timely exception to the order of the court. The cause of action alleged is, briefly, that appellant was the owner of certain certificates of stock of the First State Bank of Kingsville, a banking corporation having its business domicile in Kleberg county, Tex.; that without his consent or knowledge these certificates unindorsed were unlawfully abstracted from his possession by Orfila and Rosenfield at a time and in a manner unknown to appellant; that possession thereof was still wrongfully withheld from him; that the bank would be compelled to transfer the stock on the books of the bank at the demand of wrongful holders of the certificates, causing great inconvenience and loss to appellant. Wherefore appellant prayed that the lost certificates be canceled and new ones issued to him in lieu of those lost. The petition also prayed that Orfila and Rosenfield be required to surrender the lost certificates, and that they be restrained from demanding a transfer on the books of the bank and a reissue to them or their transferees. The court found that the petition did not state a cause of action against the bank, but merely sought an injunction in aid of or ancillary to the cause of action against Orfila and Rosenfield growing out of the rights, duties, and obligations of a certain contract, a copy of which was attached to appellant's petition.

[1] Appellant's three assignments all relate to and depend upon the one question of law, which is: Does appellant's petition state a cause of action against the bank, or does it merely seek injunctive relief ancillary to the real cause of action based upon a certain contract? If the latter, the plea of privilege must be sustained. Royal Amusement Co. v. Columbia Piano Co., 170 S. W. 278; I. & G. N. Ry. Co. v. Anderson County, 150 S. W. 239; Thos. Goggan & Bros. v. Morrison, 163 S. W. 119. If a cause of action is alleged against the bank and Orfila was a proper party to the suit, the plea of privilege should have been overruled. R. C. Stat. art. 1830, § 4.

[2] We are of the opinion that the cause alleged is to cancel the last certificates, prevent the bank from issuing new certificates of its capital stock to Orfila and Rosenfield or their transferees, and to require the bank to issue new certificates to appellant in lieu of those lost. The rule upon this subject is stated in State v. Bank of Baton Rouge, 125 La. 146, 51 South. 98, 136 Am. St. Rep. 332, in a quotation from an English court, as follows:

"The issuance by a corporation of a certificate for its shares of capital stock is a declaration by the company to all the world that the person in whose name the certificate is made out, and to whom it is given, is a shareholder in the company, with the intention that it shall be so used by the person to whom it is given, and acted upon in the sale and transfer of shares." In re Bahia v. Railway Co. L. R. 32, Q. B. 584.

This supports the conclusion that appellant has a substantial right to prevent the bank from issuing certificates to those wrongfully presenting the lost certificates, and appellant also has a substantial right to have reissued to him, by the bank, certificates in lieu of those lost, in order that he might enjoy the commercial evidences of his ownership.

The opinion in the case of State v. Bank of Baton Rouge, supra, was carefully prepared

after extensive research, and contains citation of the following authorities:

"Chapman v. N. O. Gaslight & B. Co., 4 La. Ann. 153; Smith v. Cres. City & Co., 30 La. Ann. 1378; Factors' & Ins. Co. v. Marine, etc., Co., 31 La. Ann. 149; Reid v. Commercial Ins. Co., 32 La Ann. 546; Pitot v. Johnson et al., 33 La. Ann. 1286; De St. Romes v. Levee Steam Cotton Press, 34 La. Ann. 419; Woodhouse v. Insurance Co., 35 La. Ann. 238; Fee v. N. O. Gaslight Co., 35 La. Ann. 413; Ribet v. Bataille et al., 35 La. Ann. 1171; Mineral, etc., Co. v. Deblieux & Letory, 40 La. Ann. 155, 3 South. 726; Kern v. Day, 45 La. Ann. 74, 12 South. 6; State v. N. O. Cotton Exchange, 114 La. 324, 38 South. 204."

It has frequently been held that the owner of stock in a corporation can maintain a suit against the corporation to compel the issuance to him of certificates of stock as evidence of his ownership, and may join in that suit those parties who claim or assert ownership. This is announced in Marshall on Corporations (1902) 844, 321, from which the following paragraph is quoted in State v. Bank of Baton Rouge, supra:

"When certificates of stock have been transferred under a forged assignment and power of attorney, or when they have been lost or stolen, without negligence, after having been indorsed or assigned in blank, and have been transferred to the finder or thief, the true owner may recover the certificate from the transferee, or any subsequent transferee; or he may join him in a suit against the corporation to compel a transfer, or retransfer, on its books, according to the circumstances; or he may maintain an action for conversion against the transferee to recover the value of the stock even after the latter has sold and transferred the same to another. But the owner of shares which have been transferred by the corporation on its books under a forged power of attorney has no right of action against a bona fide purchaser of the shares, who purchased not the original certificates, but a new certificate issued by the corporation." 2 Cook on Corporations (7th Ed.) §§ 358, 359; 7 Ruling Case Law, §§ 185–187.

We conclude that a cause of action against defendant bank was alleged, and Orfila was a proper party.

It will doubtless be contended by counsel for appellee Orfila that the foregoing is in direct conflict with the opinion of the Third Court of Civil Appeals, speaking through Justice Rice in the Thos. Goggan & Bros. Morrison Case, 163 S. W. 119. We do not think there is any conflict. The allegations in that case are entirely different from those in the case before us, which clearly and substantially distinguishes the Morrison Case from this one. The facts alleged in the Morrison Case disclose a suit by Morrison in Cameron county to cancel a contract of purchase from Goggan Bros. of Galveston county and an injunction to prevent the bank, which had its business domicile in Cameron county, from paying a check drawn by Morrison against his deposit in the bank in favor of Goggan Bros. It was held that the check passed no funds until presented, and that the drawer had entire control of the payment of the check prior to its acceptance by the bank.

By simply notifying the bank not to pay the check, his legal rights would be preserved, and this had already been accomplished. If the bank, after notice, paid the check, it became liable for the amount to the maker of the check. No cause of action against the bank was alleged.

In the case at bar, it is a certificate of stock that is lost. A simple order of the appellant will not prevent or authorize the bank to refuse to issue a duplicate certificate to the holder of the original. On the contrary, the bank can be compelled by suit to issue a duplicate to the holder of the original. Then again, if appellant is the real owner of the certificates lost, as he alleged, he can compel the issuance of duplicates to himself by suit against the bank.

Orfila and Rosenfield were proper parties to this suit, because it was alleged that one or both had unlawful possession of the lost certificates. They did not deny this.

We conclude that the court erred in its order sustaining Orfila's plea of privilege and in transferring the cause to the district court of Webb county, Tex.

The judgment of the trial court is reversed, and the cause remanded for trial in Kleberg county, Tex.