## H. C. BURT & CO. v. CITY OF SPEARMAN et al. (No. 7374.)

Court of Civil Appeals of Texas. Austin.
June 5, 1929.

White, Wilcox & Taylor, of Austin, for appellant.

Tatum & Strong, of Dalhart, and Chas. L. Black and Robert M. Turpin, both of Austin, for appellees.

BAUGH, J. This is an appeal from an order of the district court of Travis county sustaining the plea of privilege of the appellees and transferring the case to the district court of Hansford county, Tex.

H. C. Burt of Houston, Tex., doing business as H. C. Burt & Co., sued the city of Spearman, its mayor and aldermen, to set aside a contract between appellant and said appellees, wherein appellant agreed to purchase $55,000 worth of bonds to be issued by the city of Spearman, subject to approval of said bonds by appellant's attorneys. Appellant also alleged that he had delivered to the mayor of the city of Spearman a cashier's check for $1,100, issued by the Security Trust Company of Austin, Tex., payable to said mayor at Austin, Tex., as evidence of his good faith in carrying out said contract, said check to be cashed by said mayor when the purchase was consummated or upon default by appellant in carrying it out. Appellant made the Security Trust Company of Austin, Tex., party defendant; prayed for, and was granted, a temporary injunction by the Travis county district court restraining the mayor of Spearman from cashing, and the Security Trust Company from paying, said cashier's check, pending the outcome of this suit. Appellees filed their plea of privilege to be sued in Hansford county. This was controverted by appellant, on the ground that the Security Trust Company was a necessary and proper party to said suit; that it had its domicile in Travis county, Tex., and that the Travis county district court had venue of the suit. The trial court sustained appellees' plea of privilege after hearing thereon, and ordered the case transferred to the district court of Hansford county. Hence this appeal.

If the Security Trust Company was a necessary or proper party to said suit, venue was preperly laid in Travis county under article 1995, § 4, Revised Statutes of 1925. Cotton Concentration Co. v. Bank (Tex. Civ. App.) 245 S. W. 118.

■ We have reached the conclusion, however, that as between the appellant and the Security Trust Company the appellant has asserted no cause of action whatever, except that ancillary to the main suit, which is not sufficient to sustain venue in Travis county. Royal Amusement Co. v. Columbia Piano Co. (Tex. Civ. App.) 170 S. W. 278; Garrett v. Bank (Tex. Civ. App.) 192 S. W. 313; Uvalde Rock Asphalt Co. v. Ry. Co. (Tex. Com. App.) 267 S. W. 688. Appellant's prayer for relief indicates the nature of the cause of action asserted. He asked that the court enter a judgment "holding said contract of purchase and sale to have been ineffective and void from the beginning and at all times thereafter; Second, adjudging and decreeing that contract has been terminated, and that same is not now binding upon the parties thereto, and for title and possession of said check— for costs of suit, and for such other and further relief to which plaintiff may be entitled, either in law or in equity."

■■ It is thus clear that appellant's suit had two purposes, first, to cancel his contract; and, second to recover the cashier's check. It is manifest that there was no privity between the Security Trust Company and the city of Spearman so far as the contract between appellant and the city of Spearman was concerned. Nor does appellant seek to hold the Security Trust Company as being in any manner privy to such contract. Any party directly interested in the subject-matter of a suit and in its results is a proper party. But the Security Trust Company is not directly interested in the outcome of the contract between appellant and the city of Spearman. It merely issued a cashier's check upon payment to it by appellant of $1,100. This check it must pay or redeem when presented by the legal owner thereof, and it is immaterial to it whether the city of Spearman, the appellant, or some one else presents it for payment, if in doing so they present the proper evidences of ownership. Where defendants who reside in different counties are sued, in order to retain venue in the county of one of the defendants as against the pleas of privilege of defendants residing in other counties, plaintiff must show a cause of action against the defendant residing where the suit is filed. Richardson v. Cage Co., 113 Tex. 152, 252 S. W. 747. But he must also show that the cause of action

against all of the defendants is the same. McCauley v. McElroy (Tex. Civ. App.) 199 S. W. 317 (writ refused); First Nat. Bank v. Gates (Tex. Civ. App.) 213 S. W. 723; India Tire & Rubber Co. v. Murphy (Tex. Civ. App.) 6 S.W.(2d) 142; Fox v. Cone (Tex. Com. App.) 13 S.W.(2d) 66.

No common cause of action was asserted against the Security Trust Company and the other appellees. The Security Trust Company had nothing to do with the contract between appellant and the other appellees, nor did it have either title or possession to the cashier's check issued by it; nor could it obtain such title or possession except by payment thereof; nor could it afford any relief whatever to the appellant. Hence it was neither a necessary nor a proper party to the suit.

The judgment of the trial court is therefore affirmed.

Affirmed.