**AMERICAN SODA FOUNTAIN CO. et al. v. HAIRSTON DRUG CO.**

No. 7675.

Court of Civil Appeals of Texas. Austin.

July 14, 1932.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, for plaintiffs in error.

N. C. Walker, of San Saba, for defendant in error.

## McCLENDON, C. J.

Hairston & Nelson, as copartners, under the name of Hairston Drug Company, sued "American Soda Fountain Company of Watertown, Massachusetts, a corporation duly incorporated under the laws of the State of Maine, with its principal office and place of business in the city of Watertown, State of Massachusetts," and Peyton A. Ellison, a resident of Dallas county. The drug company sought judgment against the soda fountain company for $1,000 as damages for breach of warranty and fraudulent representations in the sale by the latter to the former of a soda fountain, to have the amount of such recovery credited upon notes given in payment of the soda fountain, and to extinguish pro tanto a chattel mortgage lien on the soda fountain, given to secure the notes. It was alleged that defendant corporation was a nonresident, and was not authorized to do business in Texas, and had no property therein subject to execution; that Ellison was its attorney and held the notes in his possession, and mandatory injunction was sought against him to compel entering credit on the notes to the extent of the judgment recovered against the soda fountain company.

Each defendant filed a plea of privilege, seeking to change the venue to Dallas county. Both pleas were contested by the drug company. That of Ellison was overruled, and that of the soda fountain company was withdrawn, the judgment reciting: "And thereupon came on to be heard the plea of privilege filed by the American Soda Fountain Company and thereupon came Armstrong, the attorney for said defendant and represented to the court that at the time said plea of privilege was filed that said firm was representing the American Soda Fountain Company, a Delaware corporation and not the defendant American Soda Fountain Company, a Maine corporation, and prayed that said defendant be permitted to withdraw the plea of privilege filed herein by said American Soda Fountain Company, a Delaware corporation, and the court having heard evidence in favor thereof is of the opinion that said defendant should be permitted and was permitted to withdraw the plea of privilege so filed by it to which action of the court the plaintiffs then and there excepted, and thereupon came on to be heard the above entitled and numbered cause and came the plaintiffs in person and by attorney and it appearing to the court that the defendant, Peyton A. Ellison has been duly served with citation herein and has entered his appearance herein and that the defendant, American Soda Fountain Company, a corporation, incorporated and existing under and by virtue of the laws of the State of Maine has been duly cited to appear and answer herein and came not but wholly made default."

Judgment was rendered in favor of plaintiffs against the soda fountain company for $1,000 and costs; the lien was to that extent "cancelled, annulled and extinguished"; and Ellison was ordered to enter a credit of like amount upon the notes. The soda fountain company and Ellison have sued out a writ of error under a joint application and joint writ of error cost bond.

The complaint of Ellison is that his plea of privilege should have been sustained and the cause as to him removed to Dallas county.

We overrule this contention. The suit against Ellison was purely ancillary to the suit against the soda fountain company. Ellison was brought into the suit merely as a trustee or custodian of the notes which were owned by the soda fountain company; and the only relief sought against him was to compel the physical entry of a credit upon the notes in such amount as might be established against the soda fountain company (their owner) as damages for its breach of warranty and fraud. The entry of such credit was contingent upon the final judgment rendered against the soda fountain company. No judgment could be rendered against Ellison compelling such entry until the credit had been established by a judgment binding upon the soda fountain company. Consequently the action against Ellison could not be severed from the action against the soda fountain company, and therefore, if the suit was removed to Dallas county at the instance of Ellison, it must be removed also as to the soda fountain compa-

ny. It therefore appears that, in so far as concerns the physical entry upon the notes, Ellison as the actual custodian thereof was a necessary party, and the suit falls within subdivision 29a of article 1995 of the Revised Statutes. The following authorities we think support our views in this regard: Royal Amusement Co. v. Columbia Piano Co. (Tex. Civ. App.) 170 S. W. 278; Garrett v. Bank (Tex. Civ. App.) 192 S. W. 313; American Rio Grande Land & Irrigation Co. v. Karle (Tex. Civ. App.) 237 S. W. 358; Burt & Co. v. Spearman (Tex. Civ. App.) 19 S.W.(2d) 96.

It is contended that the showing of proper service upon the soda fountain company was insufficient, in that there was no evidence and finding that the service was had upon the treasurer of the company. The service was by "notice to serve non-resident defendant," which was addressed to American Soda Fountain Company, Incorporated, of Watertown, Mass. The notice was served by a deputy sheriff of Suffolk county, Mass., whose return affidavit was to the effect that it was "delivered to B. M. Chittick, treasurer of American Soda Fountain Company, the defendant, in person." The judgment recited that the soda fountain company "has been duly cited to appear and answer herein." The contention is that, since the petition did not allege the name of the treasurer, it was necessary to support the judgment by default that there be an affirmative showing other than the recital in the officer's return that the person served was an officer or representative of the corporation upon whom the law authorized service. The case of Galveston, H. & S. A. Ry. Co. v. Gage, 63 Tex. 568, supports this view, where the return recites that the person served was the local agent of the corporation. The point was not essential to the decision in that case, but its soundness as applied to a local agent has never been questioned. El Paso & S. W. Ry. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 855; Latham Co. v. Radford, 54 Tex. Civ. App. 510, 117 S. W. 909; Miller v. Bank (Tex. Civ. App.) 184 S. W. 614, 615; Household F. Co. v. Alvarado (Tex. Civ. App.) 246 S. W. 1111.

In San Antonio & A. P. Ry. Co. v. Wells, 3 Tex. Civ. App. 307, 23 S. W. 31, it was held that this rule did not apply where the officer served was the treasurer of the corporation. We quote from the opinion which was by Justice Williams (then of the Court of Civil Appeals): "The sheriff, when he delivers the process, may deliver it to an agent who has not, as well as to one who has, under the provisions of this law, such authority. Without directions in the writ, he must judge for himself whether or not the person served occupied such relation to the defendant as to warrant such service. There is, therefore, a reason for requiring evidence of the fact of agency which does not apply in cases where service is had on one of the general officers named in the statute. Those officers, by the law which controls and directs the sheriff in making the service, are clothed with the capacity to represent the defendant for the purpose of the service. The statute itself directs to whom the process may be delivered. All that the officer has to do is to determine the identity of the incumbent of the offices specified, just as, in serving an individual, he must ascertain his identity. When he states in his return, therefore, that he has served one of those officers, that should, in our opinion, afford prima facie evidence that the person served is such officer."

It was there further held that there is no requirement that evidence of agency be put of record, and, where the judgment recites proper service, the presumption will be indulged that the necessary showing was made.

The objection to the service in so far as predicated upon the failure of the record to show that the party served was in fact the treasurer of the defendant corporation is overruled. However, the service being upon a nonresident, and without the state of Texas, jurisdiction over the person was not thereby acquired, and the service was not sufficient to support a personal default judgment against the soda fountain company. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

It is contended by appellees that the above recitals in the judgment show an appearance by the soda fountain company for the purpose of withdrawing the plea of privilege filed in its behalf by Armstrong. It is true that the judgment recites that Armstrong, "the attorney for said defendant," came and represented to the court that his firm did not represent the defendant company at the time the plea was filed, and he prayed that "said defendant company be permitted to withdraw the plea of privilege filed by the Delaware corporation." While awkwardly expressed, we think the appearance recited was that of Armstrong himself, and showed that he was claiming that the plea was filed without authority in so far as the Maine corporation was concerned; that he was in fact acting (inadvertently) on behalf of the Delaware corporation; and that he was seeking to rectify this error by having the plea withdrawn. If the application to withdraw were on behalf of the Maine corporation, there would have been no necessity for a hearing thereon, because a party filing a pleading has the right at any time to withdraw or waive it. The manifest purpose of Armstrong was to have the plea withdrawn in such a way that the case would stand as though no pleading had ever been filed and no appearance entered for the Maine corporation, on the ground that his act in filing the plea on behalf of the Maine corporation was unauthorized and inadvertent—the latter in that he supposed he was acting for the Delaware corporation.

This we think is the construction placed by the trial court upon Armstrong's action, in that the judgment recites that the Maine corporation was duly cited to appear and answer, "and came not but wholly made default." The judgment against the Maine corporation is manifestly based upon the service and not upon any appearance in the case on its part.

Appellees further contend that, as regards the soda fountain company, the action was in rem, in that no personal judgment was sought or obtained against it, but only a credit upon the notes and a pro tanto extinguishment of the lien.

 The action was in form clearly one for damages for breach of warranty and fraud, and the prayer for general relief would have supported a personal judgment. The specific relief prayed for was a credit on the notes and pro tanto cancellation of the lien. In so far as the suit may be construed as an affirmative action based upon fraud or breach of warranty, it was clearly a personal action.

In so far as it merely sought a credit upon the indebtedness represented by the notes, it was purely a matter of defense which could be urged whenever action was brought on the notes (Mason v. Peterson [Tex. Com. App.] 250 S. W. 142), and could not form the basis of an independent suit. An independent action to enforce the credit must rest upon some equitable ground; and, since the credit claimed constituted a defense, pro tanto, to the notes, except in the hands of a bona fide holder, it follows that to obtain any relief it must be shown that the notes were not due, and there was danger of their passing into the hands of a bona fide purchaser before maturity. The only relief which equity could afford would be to enjoin the negotiation of the notes or to compel, by mandatory injunction, the entering of a credit thereon. This relief would be personal, and could not be granted or enforced against a party over whose person the court had not obtained jurisdiction.

In so far as the action sought cancellation pro tanto of the lien, and to that extent may be regarded as one only in rem against a nonresident, it would be governed by the provisions of R. S. arts. 1975–1979. These articles were not complied with (1) in respect to service (Wilson v. Bank (27 Tex. Civ. App. 54, 63 S. W. 1067, error refused; Norvell v. Pye (Tex. Civ. App.) 95 S. W. 666); and (2) in the inhibition against a judgment by default and the requirement of a statement of facts (article 1978). These articles provide a method whereby titles and interests in property situated in this state may be adjudicated so as to bind the rights of nonresidents, who cannot be reached by the ordinary processes of the courts of this state, on account of want of jurisdiction over their persons. The state has the power to provide for such adjudication, and, when it has prescribed the procedure therein, we think such procedure is exclusive.

From whatever viewpoint the judgment be regarded, it cannot in our opinion be sustained.

In remanding the cause for further proceedings, it should be noted that the prosecution of the writ of error by the soda fountain company, in which it invoked the jurisdiction of this court, and thereby sought and obtained a reversal of the judgment against it, constituted a personal appearance on its part as a litigant, and it will not be necessary to issue further process.

The trial court's judgment is reversed, and the cause is remanded to that court for a new trial.

Reversed and remanded.