### KNOX v. QUINN et al.
### No. 9214.

Court of Civil Appeals of Texas. Austin.

Sept. 9, 1942.

Rehearing Denied Sept. 23, 1942.

W. J. Rutledge, Jr., of Dallas, for appellant.

Dibrell & Snodgrass, of Coleman, for appellee.

BLAIR, Justice.

Appellee, S. H. Quinn, a resident of Coleman County, Texas, sued appellant, T. B. Knox a resident of Eddy County, New Mexico, in the County Court of Coleman County, to establish an alleged interest of $329.28 in a $408.56 claim or debt for oil well supplies made originally to Quinn & Company, a partnership composed of appellant and appellee. It was alleged and the proof tended to show that the partnership was dissolved in 1939; that afterwards by agreement the partnership claims and assets were owned jointly and in equal parts by the partners, who appointed a trustee to collect the claims, including the one in suit, which was payable out of oil from a certain well; that of the amount collected on this claim the trustee paid appellant $650 and appellee $400, but upon being notified by appellant that the claim

was not a partnership asset and belonged to appellant, the trustee stopped payment of a check for $250 he had sent to appellee to equal the amount paid to appellant, and refused to pay appellee any more; and that because of the unequal amount paid to appellant by the trustee appellee was entitled to an interest of $329.28 in the $408.56 claim or debt involved, and for which amount, or to establish said interest in the claim, he instituted this suit. The trustee was not made a party. Appellant was served only with a nonresident notice as provided by Arts. 2037 and 2038 (now Rule No. 108 Texas Rules of Civil Procedure). He neither appeared nor answered and judgment by default was rendered against him "establishing the undivided interest" of appellee in the claim as $329.28 and that of appellant as $79.28, the judgment reciting that the proceeding was one in rem to establish appellee's interest in the claim and decreeing that a copy thereof be furnished the trustee, and authorizing him to pay the claim to the parties in accordance with the judgment.

By motion for a new trial appellant contended that the suit or proceeding was not one in rem, but was one in personam; and that consequently the service of the nonresident notice was insufficient to confer jurisdiction on the court to adjudicate the cause or to enter a personal judgment against appellant. The motion was overruled and appellant makes the same contention here, which we sustain.

█ The evidence is not clear whether the trustee had collected all of the original claim or debt and had the funds in his possession. He was not made a party to the suit and the judgment is not binding upon him or the funds in his hands. He resided in Palo Pinto County, where the oil well was situated and where the funds which had been collected on the claim were apparently in his possession. No attachment or garnishment was levied upon or run against the funds in his hands as trustee; nor was any process issued against the original debtor subjecting any balance that might be due on the original claim or debt to the jurisdiction of the court. The suit or proceeding was therefore not one in rem, because the court acquired no jurisdiction over either the funds in the hands of the trustee, or over any balance that might be due by the original debtor on the claim in suit. The suit or proceeding was merely to establish an interest in the claim or debt, or was to establish an alleged contractual right to an interest therein as against the appellant alone. No interest in the trust fund as against the trustee could be determined, because the trustee was not a party to the suit. Nor had the trust fund been subjected to the jurisdiction of the court. The suit or proceeding was clearly one in personam, and consequently the service of the nonresident notice only on appellant was insufficient to confer jurisdiction on the trial court to adjudicate the cause or to sustain the personal judgment rendered against appellant.

█ Under the provisions of Art. 1975 and Art. 1976, as amended in 1934, Vernon's Ann.Civ.St. Arts. 1975, 1976, a court may determine the right or interest of a party in property within the court's jurisdiction in a proceeding in rem as against a nonresident served only with the statutory nonresident notice, and it may do so whether the party bringing the suit or proceeding is in possession of the property; but the court determining such right or interest must have jurisdiction over the property, or it must be subject to the jurisdiction of the court to an extent necessary to make its decree against the property effective, because otherwise the judgment is merely declaratory and ineffective as to the property, or is merely a judgment in personam. Cases establishing these principles are Erwin v. Holliday, 131 Tex. 69, 112 S.W.2d 177; American Soda Fountain Co. v. Hairston Drug Co., Tex.Civ.App., 52 S.W.2d 764; Andrews v. Union Central Life Ins. Co., Tex.Civ.App., 44 S.W. 610; Roller v. Holley, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520; and 33 Tex.Jur. 872.

█ The contention that the judgment is invalid because it purports to adjudicate the rights of the parties in a single claim arising under a partnership business is not sustained. Appellee alleged and his proof tended to show that the partnership had been dissolved; that by agreement the claim in suit was owned jointly by the former partners in equal parts; that appellant had denied the interest of appellee in the claim; and that this suit or proceeding was brought to determine that interest. No partnership accounting or settlement as such is involved, and the allegation that the claim was originally made to the partnership was merely descriptive of appellee's title or interest in the claim.

582

The trial court's judgment is reversed and the cause remanded. Since appellant has appeared the sufficiency of the service on him is no longer involved. American Soda Fountain Co. v. Hairston Drug Co., supra.

Reversed and remanded.