C. HOLEK & Co. v. THE PHŒNIX INS. Co. AND THE COM. UNION. ASSUR. Co.

(Case No. 1897.)

1. SUIT DISMISSED — ATTACHMENT — GARNISHMENT.— Suit was brought and an attachment obtained against defendants.   Property of defendants was garnished in the hands of third parties.   The attachment was quashed for want of jurisdiction, and the case appealed.   *Held:*

   (1) That garnishments are dependent upon the validity of the attachment upon which they are founded, and upon the jurisdiction of the court over the case in which they and the attachment were issued.

   (2) That when the court had decided its want of jurisdiction and dismissed the suit, all subsequent proceedings, including garnishments, were dismissed also.

APPEAL from Webb.   Tried below before the Hon. J. C. Russell. Appellants sued A. Varona for nine hundred and thirty-seven and

two one-hundredths Mexican dollars, and obtained a writ of attachment against him. On the same day they sued out writs of garnishment against appellees, alleging indebtedness to Varona. The writs were served on the agents of appellees. They answered separately, admitting a qualified indebtedness to Varona on a policy of insurance. On motion of appellees, suit was dismissed because the writ of attachment against Varona had been quashed. On motion of appellants, the case was reinstated, because an appeal had been taken from the judgment quashing the attachment. Varona moved to set aside the order reinstating the case, and that the case be dismissed. The motion was sustained and an appeal taken.

*Broadwater & Dickinson*, for appellants.

*E. F. Hall*, for appellees.

WILLIE, CHIEF JUSTICE.— This suit is ancillary to the case of C. Holek & Co. *v.* A. Varona, dismissed a few days since for want of notice of appeal.

It arises out of an attachment and garnishment issued in that cause, and the two records have been submitted together for our decision. The plaintiffs and the defendant in the principal suit all resided without the limits of the state of Texas and within the Republic of Mexico. The suit was brought in Webb county, Texas, upon a note and draft made payable in Neuvo Laredo, Mexico, the petition alleging as the ground of jurisdiction that Varona had property within that county. Of the amount sued for it seems that less than $500 was due, the remainder maturing at a time subsequent to the commencement of the suit. The jurisdiction of the district court depended, therefore, upon the validity of the attachment, and if that was dissolved, the case had necessarily to be dismissed. The writ of attachment was quashed and the cause dismissed for want of jurisdiction. But the appellants claim that they have still the right to continue their garnishment proceedings in court, notwithstanding the judgment in the original suit. They base this claim upon the alleged fact that they have taken an appeal from the judgment of the district court dismissing the principal cause, and contend that the garnishment proceedings must remain in court until their appeal is determined here.

The answer to this is that the garnishments are dependent upon the validity of the attachment upon which they are founded, and of course upon the jurisdiction of the court in the cause in which they and the attachment were issued. That jurisdiction failing, the garnishments necessarily fall. Haggerty *v.* Ward, 25 Tex., 144.

The court having declared its want of jurisdiction and dismissed the suit, all subsequent proceedings, including the garnishments, were dismissed also.

This court having already held that no appeal was taken from the judgment of dismissal below, that judgment still stands, and there are no proceedings in the principal suit pending anywhere upon appeal or otherwise, on which the garnishments can rest or whose decision they are to abide. The court below having dismissed the original suit for want of jurisdiction, we see no error in its judgment dismissing the garnishment, and it is affirmed.

AFFIRMED.

[Opinion delivered January 20, 1885.]