R. H. WILSON ET AL. v. NATIONAL BANK OF CLEBURNE.

Decided June 12, 1901.

**1.—Evidence—Action Against Trustee for Creditors.**

Where an insolvent debtor has conveyed his property to a trustee for creditors, and is made a formal party to an action against the trustee, he can not be heard to object to evidence that does not in any manner increase his liability.

**2.—Judgment by Default Against Nonresident.**

Article 1504d, Sayles' Civil Statutes, prohibiting judgment by default against a nonresident, has reference to nonresidents cited by publication, but where a nonresident has been cited by personal notice as provided by the statute, and has failed to appear and answer, a judgment by default may be entered against him. Rev. Stats., art. 1234.

**3.—Liens—Priority—Garnishment and Trust Deed.**

Where a creditor obtained a writ of garnishment without affidavit, basing it on the issuance of an attachment, and the record failed to show that a writ of attachment was issued, his lien was properly held invalid as against a deed of trust under which the trustee had accepted before a valid writ of garnishment was issued.

**4.—Judgment Against Nonresident.**

Where a nonresident owning property in this State has been personally served with notice outside the State, a judgment against the property is authorized, but not a personal judgment against such defendant.

Appeal from Johnson. Tried below before Hon. J. M. Hall.

*H. P. Brown, D. W. Odell, L. B. Davis, W. J. Ewing,* and *Goldsmith & Walker,* for appellants.

*S. C. Padelford,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit against R. H. Wilson, B. D. Heath, W. D. Francis, and the firm of Ramsey, Brown & Odell, and prayed for a writ of injunction restraining W. D. Francis, trustee in a certain deed of trust executed by R. H. Wilson, from applying any of the proceeds of the sale of the property described in the deed of trust to the payment of a claim of $6000, which was secured by said deed of trust, for judgment against Wilson and Heath for the amount of their indebtedness to appellee, and that the proceeds of the sale of the property be first applied to the payment of such indebtedness. Rouse, Hempstone & Co. intervened, praying for judgment against the

trustee for the amount of their debt, and asking that their debt be declared superior to that of appellee.

It was alleged in the petition that Heath resided in Mecklenburg County, State of North Carolina, and that he was a partner of Wilson, doing business under the firm name of R. H. Wilson, and that the debts sued on were partnership debts.

The facts developed that R. H. Wilson had executed a deed of trust on his property to W. D. Francis to secure, first, a debt due to Ramsey, Brown & Odell, and then to secure in equal distribution the debts of B. D. Heath and the National Bank of Cleburne. It was provided that the trustee should sell the property and first pay off the claim of Ramsey, Brown & Odell in the sum of $400, and the costs of administering the trust, the remainder to be equally divided between Heath and the bank. The claim of Ramsey, Brown & Odell was paid, and the contest is over the remaining $2206.82, appellee claiming that Heath could not be preferred because he was a partner in the firm of R. H. Wilson, and the full sum should be turned over to appellee. Heath being a resident of North Carolina, was cited by sending a notice to him in that State.

Heath did not file an answer, and a judgment by default was taken against him, and during the course of the trial the interlocutory judgment against Heath was introduced as evidence over the objections of Wilson and Francis. The ground of objection was that Heath, being a nonresident and being cited by a notice sent to North Carolina, the judgment by default was not legally taken against him.

R. H. Wilson had conveyed his property to a trustee for purposes of distribution among his creditors, and, while made a party to the suit, really had no interest in it. However it might be decided, all of his property was gone, and he could reap no advantage by any judgment, his debts being largely in excess of the value of his property. No objection, therefore, which he might urge to the introduction of testimony should meet with consideration. The evidence did not in any manner tend to increase the liability of Wilson for the debt he owed appellee. He did not deny his indebtedness to appellee. He can not complain of the introduction of the testimony. If the judgment by default was legally obtained, it was relevant testimony and could be used against the trustee.

It is urged that under the provisions of chapter 22, title 30, being articles 1504a to 1504f, Sayles' Civil Statutes, judgment by default can not be taken against a nonresident, whether cited by sending a personal notice to the State of his residence, or by publication, and in a former opinion we so held, but another consideration of that chapter has convinced this court that it has reference to nonresidents cited by publication, and not to those cited by personal service. By the language used in article 1504b, that service "may be made by publication of the writ or notice of the same," it is not meant that the law has reference to a party cited by publication, or cited by personal notice, but two names, "writ or notice," are simply given to the citation to be published. In article

1234 it is provided that where a defendant has been served with personal notice without the State, he shall be required to appear and answer in the same manner and under the same penalties as if he had been personally served with a citation within the State. It is undisputed that Heath was duly cited by personal notice sent to and served on him in North Carolina, as provided by law, and failing to appear and answer, judgment by default was properly rendered against him. Feibleman v. Edmonds, 69 Texas, 335; Goodman v. Henby, 80 Texas, 499.

Even though the judgment by default should be held invalid, the facts introduced in evidence were amply sufficient to sustain a judgment on the facts against Heath, and his interests seem to have been jealously guarded by the attorneys representing Wilson and Francis, and a full statement of the facts upon which the judgment is based were filed in the District Court.

The interveners, Rouse, Hempstone & Co., base their claim on the fact that they sued Wilson and obtained a writ of garnishment against the trustee before appellee accepted under the trust deed. The evidence showed that an attachment and writ of garnishment were obtained on June 24, 1898, and the writ of garnishment was served on the trustee. No affidavit in garnishment was made, but it seems that the garnishment was based on the issuance of an attachment. The record fails to establish that a writ of attachment was issued, and the garnishment was properly declared invalid. Holek v. Insurance Co., 63 Texas, 66. Appellee had accepted under the deed of trust long before the second writ of garnishment was issued.

The suit was directed against certain property conveyed by the deed of trust, the object being to subject it to a lien claimed by appellee. It affected the property itself, and to the extent of the value of the property a valid judgment might be rendered under the notice given to Heath in North Carolina. Rice v. Peteet, 66 Texas, 568; Roller v. Holley, 76 U. S., 398.

Under the facts the court did not err in instructing a verdict for appellee.

That portion of the judgment which is rendered against B. D. Heath personally can not be sustained, but after eliminating that feature from the judgment, it will be affirmed.

*Reformed and affirmed.*

Writ of error refused.