## ORANGE LUMBER CO. v. ELLIS.

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1911. Rehearing Granted Jan. 1, 1912. On Motion for Rehearing, Jan. 18, 1913. Appellant's Motion for Rehearing Denied Feb. 6, 1913.)

1. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—SUFFICIENCY—STATUTES.

Statutes and rules regarding the form and sufficiency of assignments of error should be liberally construed, and not so as to cut off the approach of parties seeking relief in good faith for errors prejudicial to them in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

2. MASTER AND SERVANT (§ 288*)—PERSONAL INJURIES—ASSUMPTION OF RISK—EVIDENCE.

In an action for personal injuries caused by a slab flying back from a lath machine, the question whether the plaintiff assumed the risk of injury from certain defects in the machine *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1005, 1069–1088; Dec. Dig. § 288.*]

Appeal from District Court, Orange County; W. B. Powell, Judge.

Action by J. S. Ellis against the Orange Lumber Company. Judgment for plaintiff, and defendant appeals. Questions certified to the Supreme Court (150 S. W. 582). Affirmed.

J. T. Adams, of Orange, W. O. Huggins and Baker, Botts, Parker & Garwood, all of Houston, for appellant. Holland & Holland, of Orange, for appellee.

REESE, J. This is an action by J. S. Ellis against the Orange Lumber Company to recover damages, laid at $15,000, for personal injuries alleged to have been sustained by him while operating a lath machine as a servant of defendant in its mill. A trial with a jury resulted in a verdict and judgment for $5,500. Defendant filed its motion for a new trial, which was overruled, and it prosecutes this appeal.

It is alleged in the petition that, while engaged in feeding slabs into the machine, a piece of a slab was thrown back with such

force as to go through a board an inch and a quarter thick, behind which appellee was standing, and to strike him on the head and eye, so injuring the eye that it had to be removed, and fracturing his skull, and that his other eye was seriously and permanently impaired and injured. It was alleged that the machine at which appellee was working was unsafe and unfit for the purpose for which it was used; that it was old and worn and out of repair, was not bolted to the foundation and made steady; that the machine, in carrying slabs through the saw, was not protected by any sufficient covering to keep splinters from being thrown back, and because the rollers through which the slabs pass after passing the saws were not fitted with teeth or spikes to hold the slabs steady, but the teeth or spikes on the rollers provided for that purpose were permitted to be worn off or knocked off and were not replaced, and that the rollers on the machine had been taken off by defendant and replaced with others not suited for the purpose; that all of such defects were well known to defendant, and their existence due to its want of ordinary care, and were the sole cause of appellee's injuries. Defendant answered by general denial and pleaded contributory negligence and assumed risk on the part of plaintiff, alleging that he was foreman in charge of the work of operating this machinery, and charged with the duty of making such repairs as were necessary, and that he was entirely familiar with the working of the machine, knew all about the alleged defects, if, in fact, they existed, and the danger arising therefrom, if any, and that the accident was one of the risks voluntarily assumed by him.

The following conclusions are supported by the evidence. At the time of the accident, appellee was in the employment of appellant, and was in charge of the work of operating the lath machine. He seemed to be a sort of foreman in this work, with authority to direct the other men engaged therein. At the time of the accident, he was engaged in feeding slabs into the machine. There was a board one and a quarter inches thick placed across the machine just in front of him to protect the man feeding the machine from sawdust, splinters, etc., liable to be thrown back by the operation of the saws. While engaged in feeding a slab into the machine, in some way not very clearly shown, a piece of the slab was broken off and got on top of the saw, and was thrown back by the saw over the front rollers with such force as to go through the board and to strike appellee on the head and in the eye, injuring his head, and either entirely knocking out his eye, or so injuring it as to require the removal of the eyeball. From this injury appellee suffered greatly. The injury has, and will likely always, to some extent, impair his efficiency to labor. In view of the injuries alleged

and proven, the amount of the verdict is very moderate.

As the facts in this regard are presented by the evidence, even with the assistance of such explanation as is given in the brief, we have not, and cannot present, a very clear and definite idea of the character of the machine, and of the exact cause of the accident; but the evidence sufficiently shows that it was due to some one or more of the defects in the machine alleged in the petition; and the evidence justifies the further conclusion that the accident was occasioned by the negligence of the appellant in some one or more of the particulars charged. On each of the defenses of contributory negligence and assumed risk, the evidence was such as to present an issue for the jury, and to authorize their finding against appellant.

[1] We are met, in limine, by a motion of appellee to strike out practically all of the assignments of error for reasons stated in the motion, which it is not necessary to particularly repeat here. In the case of Land Co. v. McClelland Bros., 86 Tex. 190–192, 23 S. W. 1103, 22 L. R. A. 105, the general rule is stated that: "It is to be borne in mind that the statute and rules which require errors to be assigned were intended primarily for the relief of the appellate courts, and to secure a prompt dispatch of the business that should be brought before them. They should be given a reasonable and practical construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions. It is certain that it was never intended to hedge either the Court of Civil Appeals or the Supreme Court around with technical and arbitrary requirements, so as to cut off the approach of such parties as seek relief in good faith from the consequences of supposed errors committed to their prejudice in the trial courts." The rule is further emphasized in the opinion of Rice v. Dewberry, 93 S. W. 721. We refer to these cases to show the general rule of construction of the rules with regard to assignments of error. In the light of the general principles stated, we think the assignments should be considered, and overrule the motion.

[2] The first assignment of error is that the court erred in overruling appellant's amended motion for the new trial, on the ground that there is no evidence upon which a verdict against defendant could properly be rendered, and that the undisputed evidence shows that defendant is not liable. The assignment further sets out the particulars in which the evidence does not support the verdict; but the general proposition stated by the assignment is that the court erred in refusing the motion for a new trial in that there is no evidence to support the verdict. It was not necessary to split this complaint up into a number of assignments. It is the purpose of the propositions to deal with the

different grounds of the complaint, if it be necessary. The assignments must be overruled. As we have said in our conclusions of fact, the evidence was sufficient to raise the issue as to appellant's liability, and to support the verdict. We cannot agree with appellant that, as a matter of law, upon the undisputed evidence, appellee assumed the risk of the accident which caused his injury. He had a general knowledge of the defects of the machine alleged by him; but we cannot say, as a matter of law, that he knew, or by the exercise of ordinary care must have known, of the danger arising from such defects. Nor was his employment such as to make him responsible for the defects or make it his duty to repair them. The defects were not such as he could have been expected to repair. The main burden of the case rests upon the roller which was substituted for the device for that purpose after the machine had been operated for awhile. The contention of appellant is that this substitute roller was safer and better than the device for which it was substituted. Appellee contended the contrary, and the evidence was such as to present an issue upon this point. This substitution was made by the superintendent himself, and certainly it was not the duty of appellee to change it; and, while he may have known that it was not as safe as the original one, he cannot be said, as a matter of law, to have known of the danger, from its operation, of some such accident as that which caused his injury. This disposes of the first, second, third, fourth, fifth, sixth, seventh, and eighth assignments of error, which are overruled.

The court gave to the jury the following charge: "Now, gentlemen of the jury, if you should find and believe from the evidence that on or about the 12th of November, 1908, plaintiff, J. S. Ellis, was in the employ of the Orange Lumber Company, and, while engaged in feeding slabs to a lath machine, a portion of the lath or slab was violently thrown out of same and against and through a blind board, and against plaintiff, and struck plaintiff and inflicted upon him any of the injuries set out in his petition, and you further find and believe from the evidence that the cause of said lath or slab being thrown against plaintiff was because the machine being used was old and worn and out of repair, or because same was not sufficiently bolted to its foundation to cause same to be steady, or because the machine carrying slabs, and the slabs while passing through the saw, were not protected by a sufficient covering to keep same from being thrown therefrom, or because the rollers through which the slabs pass, after passing the saw, were not fitted with teeth or spikes to hold such slab steady, but that the teeth or spikes on said rollers were permitted to be worn or knocked off, and not replaced, or because the rollers on said machine had been taken off and replaced with others not made with said machine, or suited to the purpose for which they were used, or was the result of one or more of said causes, if any, and you further find and believe that the defendant failed to use the care that a person of ordinary prudence would have used, under the circumstances, to have said machine in a reasonably safe condition, and that it was not in a reasonably safe condition, because of any or all of the facts and things stated, and that the failure of the defendant to have said machine in a reasonably safe condition, because of any or all of the facts and things stated, and that the failure of defendant to have said machine in a reasonably safe condition was negligence, as that term is hereinbefore defined, and that, but for such negligence, the injury would not have occurred, and that such negligence, if any, was the proximate cause of such injuries, then you should return a verdict for the plaintiff; and, unless you so find, your verdict should be for the defendant."

By the ninth assignment of error, the giving of this charge is complained of; and the several grounds of objection are set out by appropriate propositions. The first proposition is that there is no evidence in the record raising the issue that the machine was not sufficiently bolted to the foundation to cause it to be steady. The charge presented the issue of whether the machine was sufficiently bolted to the foundation to cause the same to be steady, by which the jury must have understood such fastening, whether by bolts or braces, or otherwise, as was sufficient to keep the machine steady. The evidence of appellee, we think, presented the negative of this issue. We cannot say from the evidence, that the issue of negligence in failing to have a cover on the machine to protect persons using it from an accident of this kind, was not presented. The question presented by the third proposition under the assignment was clearly an issue to be presented to the jury. The fourth proposition presents an objection to the charge that we think must be sustained—that is, that the existence of the defects in the machine, or at least some of them, is assumed in the charge —and the only issue submitted is as to whether they caused the injury. It is true that the defects in the machine referred to could not have caused the injury if they had not existed; but if the court had assumed, from the undisputed evidence, that the several defects existed, which, if the evidence justified it, would have been proper, just such a charge as was given should have been given. The language of the charge conveys the idea that there was no issue for the jury to determine as to the existence of the defects; but they were only to find whether they, or any of them, caused the accident. Under this charge, the jury might very well have considered themselves relieved of the neces-

sity of examining the evidence upon the existence of the defects mentioned, which was conflicting, and, assuming them to exist, have addressed themselves solely to the issue as to whether they caused the accident, and were due to the negligence of appellant.

We think it hardly necessary to cite authorities in support of the doctrine that every contested and material issue of fact must be submitted to the jury. It would, we think, be going too far to say that the error was not prejudicial to appellant. The court does, with respect to one of the defects complained of, use this language: "Or because the rollers, through which the slabs passed after passing the saw, were not fitted with teeth or spikes to hold such slab steady, but that the teeth or spikes on said rollers were permitted to be worn or knocked off and not replaced." This does probably submit the issue of the existence of this particular defect, and relieves the charge to this extent of the objection made; but this clearly does not apply to those portions of the charge dealing with other defects. We are of the opinion that this objection to the charge is well taken and must be sustained.

The paragraph of the charge complained of in the tenth assignment of error presents the proposition that if the machine was inherently dangerous, and that fact was known to appellant, even if it was, "at the time of the injury, in such a condition as an ordinarily prudent man would have kept it," appellant would be liable, unless appellee also knew of the danger and unsafety of the machine, or such condition was open and apparent, or could have been discovered by him in the exercise of ordinary care. The vice in this charge is that it omits the essential feature of appellant's negligence in providing such a machine. The use of all machinery of this character may be said to involve more or less danger; and in this regard appellant could only be held to the use of ordinary care to provide safe machinery. To require of the master absolutely safe machinery would often put upon him the liability of insuring his servants against accident in operating it. If the machine, although dangerous, was such as a man of ordinary prudence would have provided for the work, and was in such a condition as an ordinarily prudent man would have kept it, this met the full measure of duty imposed by law on appellant. The charge referred to did not correctly present this principle of law and was error.

The charge requested by appellant, the refusal to give which is made the basis of the fourteenth assignment of error, was a correct presentation of the law, with the exception that it omits the duty of the employer to exercise ordinary care to keep such machinery in repair as is provided, for which reason it was not error to refuse to give it.

There is no merit in the eleventh, twelfth, thirteenth, and fourteenth assignments. There was no evidence to show that it was appellee's duty to keep up this machinery or to make such repairs as were necessary to remedy the defects complained of, if, in fact, they existed. For this reason also there was no error in refusing the charge requested and referred to in the sixteenth assignment of error. With this element omitted of appellee's duty to make repairs to remedy such defects as are claimed by him to have existed in this machine, this charge would have been a correct statement of the law on this issue. The seventeenth assignment of error is without merit.

Upon the measure of damages, the court charged the jury that they might allow appellee "such an amount as you believe from the evidence will fairly compensate him for the injuries received, if any, and for the physical and mental suffering, if any, which you may believe from the evidence he has endured," and for such future physical and mental suffering. This charge is complained of by the eighteenth assignment of error. Such an amount in damages as would have fairly compensated appellee for his injuries covered the whole ground, including, necessarily, past and future mental and physical suffering. Railway v. Smith, 63 S. W. 1067. Strictly construed, the charge authorizes the jury to add to this damages for past and future physical and mental suffering; and, so construed, the charge is subject to the criticism that it allows a double recovery. But, looking to the amount of the verdict, we are constrained to conclude that the jury did not allow a double recovery, and for this reason we would not reverse the judgment for this error.

It was not error to refuse to give the charge limiting the jury to damages for mental and physical suffering. The petition might be amended to advantage in this particular; but we think that, under the doctrine of the Curry Case (T. & P. Ry. Co. v. Curry, 64 Tex. 87), the petition fairly states a case allowing for a recovery of all such damages as "naturally and necessarily resulted from the wrongful act."

We have examined and disposed of each of the assignments of error. For the errors indicated, the judgment must be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.

### On Motion for Rehearing.

At the next preceding term of this court, the judgment in this case was reversed, and the cause remanded for errors in the charge, as pointed out in the ninth and tenth assignments of error. All of the other assignments of error were overruled.

Upon motion for rehearing, we certified to the Supreme Court the questions presented by those assignments. Having some doubt

also as to the correctness of our conclusion in holding that the trial court did not err in submitting the issue of assumed risk, it being insisted by appellant that under the undisputed evidence, particularly the testimony of appellee, he assumed the risk of danger of the accident by which he suffered the injury complained of, this question was also certified. In an opinion announced by the Supreme Court November 6, 1912, it was held by the Supreme Court that the trial court did not err in those portions of the charge complained of by the ninth and tenth assignments of error, and further that there was no error in submitting the issue of assumed risk. It is not necessary that we do more than refer to the opinion of the Supreme Court, from which, in connection with our original opinion (delivered January 30, 1911), it follows that there is no error in the record authorizing reversal of the judgment of the trial court.

The motion for rehearing is granted, the former judgment of reversal set aside, and the judgment of the trial court is affirmed.