# MEMORANDUM DECISIONS

ORANGE LUMBER CO. v. ELLIS. (No. 3–2546.) (Commission of Appeals of Texas, Section A. Jan. 15, 1919.) Error to Court of Civil Appeals of First Supreme Judicial District. Action by J. S. Ellis against the Orange Lumber Company. A judgment for plaintiff was reversed by the Court of Civil Appeals (153 S. W. 1180), and upon an affirmance of the judgment of the trial court on rehearing, defendant brings error. Affirmed, as recommended by the Commission of Appeals. Adams & Huggins, of Orange, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error. Holland & Holland, of Orange, for defendant in error.

SONFIELD, P. J. Suit by J. S. Ellis against the Orange Lumber Company for personal injuries sustained by him while in the employ of defendant. A trial by jury resulted in a verdict and judgment in favor of plaintiff. On appeal, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause, 153 S. W. 1180. Pending motions for rehearing by both parties, the Court of Civil Appeals certified certain questions to the Supreme Court, among others, whether, upon the facts presented in the certificate, there was error in refusing a requested charge, to the effect that under the undisputed evidence the plaintiff assumed the risk of the accident, which resulted in his injury, and instructing the jury to return a verdict for the defendant; or did the facts so stated present the issue of assumed risk, which should have been submitted to the jury, as was done? The court answered that, upon the facts certified, the issue was properly submitted to the jury. 105 Tex. 363, 150 S. W. 582. Based upon the answer to this and the other questions certified, the Court of Civil Appeals granted the motion of appellee (plaintiff) for rehearing and affirmed the judgment of the trial court. A writ of error was granted by the Supreme Court; the court being inclined to the opinion that upon the record disclosed, which was regarded as somewhat different from the facts certified, the plaintiff assumed the risk. Upon a careful examination of the record, we find no facts disclosed which, under the principles of law announced by the Supreme Court in its answer to the questions certified, would lead to the conclusion that the plaintiff, as a matter of law, assumed the risk. We therefore recommend that the judgment of the Court of Civil Appeals, affirming that of the district court be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

PENN v. BRISCOE COUNTY. (No. 28–2658.) (Commission of Appeals of Texas, Section A. Dec. 21, 1918.) Error to Court of Civil Appeals of Seventh Supreme Judicial District. Action by J. W. Penn against Briscoe County. From a judgment of the Court of Civil Appeals (162 S. W. 916), affirming a judgment for defendant, plaintiff brings error. Dismissed for want of jurisdiction. C. D. Russell, of Plainview, for plaintiff in error. K. Ewing Bain, of Floydada, for defendant in error.

TAYLOR, J. This action is in the form of trespass to try title to the S. W. ¼ of survey No. 96, block B–1, B. S. & F. certificate 1/770, in Briscoe county. The real purpose of the suit, however, is to determine the true location of the south boundary line of the plaintiff's one-fourth of the section. 162 S. W. 916. It is a case of boundary purely, and comes under the rule stated in Cox v. Finks, 91 Tex. 318, 43 S. W. 1. The writ was sought on the ground that the Court of Civil Appeals erroneously declared the substantive law of the case. The writ was granted in April, 1914. In November following the Supreme Court decided the case of Cole v. Cobolini, 106 Tex. 472, 170 S. W. 1036, holding that the act of March 28, 1913 (Laws 33d Leg. p. 107), amending article 1521, Revised Statutes 1911, defining the jurisdiction over the Court of Civil Appeals where such court has erroneously declared "the substantive law of the case" (paragraph 6), did not repeal article 1591, Revised Statutes 1911, which made judgments of the Courts of Civil Appeals final in certain cases, including cases of boundary. The court, in concluding the opinion, stated that during the prior term, in applying the act of 1913, the court acted under the view that its effect was to confer upon the Supreme Court jurisdiction over questions of substantive law in cases made final in the Court of Civil Appeals by the terms of article 1591, and added that in a few cases writs of error had been granted in such cases, which, under the ruling announced, would be dismissed. This is doubtless one of the cases referred to. We are of opinion that the Supreme Court has no jurisdiction of the case, and recommend its dismissal.

PHILLIPS, C. J. Case dismissed for want of jurisdiction, as recommended by the Commission. Judgment will be so entered.

HUGHES v. STATE. (No. 5231.) (Court of Criminal Appeals of Texas. Dec. 4, 1918.) Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge. R. J. Hughes was convicted of aggravated assault, and he appeals. Affirmed. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. The appellant is under sentence of confinement in the county jail for 12 months for the offense of aggravated assault in a conviction on an indictment for an assault with intent to rape. The record is without bills of exception or statement of facts, and presents no question for review. The judgment is therefore affirmed.

RAY v. STATE. (No. 5203.) (Court of Criminal Appeals of Texas. Nov. 20, 1918. Rehearing Denied Jan. 15, 1919.) Appeal from District Court, Bexar County; W. S. Anderson, Judge. J. T. Ray was convicted of murder, and