**Harrison M. GILL, Appellant,**

v.

**OAK CLIFF BANK & TRUST CO.,**
**Appellee.**

No. 6930.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 26, 1959.

Rehearing Denied Nov. 30, 1959.

Bailey F. Rankin, Dallas, for appellant.

Gragg & Storey, Dallas, for appellee.

DENTON, Chief Justice.

This is a garnishment suit brought by appellant, plaintiff below, against appellee as garnishee, predicated upon an unliquidated cause of action alleged by plaintiff below against one D. M. Jester. A writ of attachment was issued simultaneously with the filing of the main suit. The writ of garnishment was filed some two minutes after the filing of the original suit and the issuance of the writ of attachment and prior to judgment. The application for the writ of garnishment was predicated upon the prior issuance of a writ of attachment in the original suit brought by plaintiff against Jester. Default judgment was taken by the plaintiff against Jester in the original suit in the amount of $9,000. Appellee, as garnishee, timely filed its answer prior to the time appellant obtained the default judgment against Jester. The default judgment against Jester reflects that appellee made a motion to dissolve the writ of attachment and the judgment dissolved such writ of attachment. The garnishee, appellee, thereafter presented its motion to quash the writ of garnishment by reason of the writ of attachment having been dissolved. Upon the hearing of appellee's motion to quash and appellant's motion for summary judgment, the trial court sustained appellee's motion to quash the writ of garnishment. From such judgment appellant perfected his appeal and presents seven points

of error. We shall consider such points in the order we deem most logical.

■ In order not to unduly extend the opinion, we will consider the appellant's points of error One through Six together. Appellant complains of the action of the trial court in sustaining garnishee's motion to quash the writ of garnishment for the reason that such action of the trial court constituted a collateral attack on the main suit and that the final judgment in the main suit which dissolved the writ of attachment was no basis for quashing the writ of garnishment.

Article 4076, Vernon's Ann.Civ.St., provides that a clerk of a trial court may issue writs of garnishment returnable to their respective courts in several cases, one of which is: "Where an original attachment has been issued." This is the basis of the original garnishment in this case. The other two subdivisions of Article 4076 are not involved in this case. Here, the writ of garnishment was based solely on the issuance of the writ of attachment. When the writ of attachment was dissolved by the judgment, the basis for which the writ of garnishment was issued no longer existed. No property of defendant Jester was levied upon under the writ of attachment but only property actually belonging to appellant was levied upon by the sheriff of Dallas County. When the writ of attachment was dissolved, the writ of garnishment was no longer effective. Since the garnishment was based wholly on the attachment, it fell with it. Cleveland v. Spencer, Tex.Civ.App., 50 S.W. 405; Holek v. Phoenix Ins. Co., 63 Tex. 66, 20-B Tex.Jur. 185. We see no merit in the assignments of error.

■ Appellant further complains of appellee's failure to answer the statutory questions propounded in the writ of garnishment. The record reflects that the appellee answered it was not indebted to defendant D. M. Jester at the time of the filing of such answer; that it was indebted

to Jester on the date that the writ was served, in the sum of $202.52 (the amount Jester had on deposit in appellee's bank); that the said Jester was indebted and obligated to the garnishee in the amount of $2,944.24 on the date the writ was served, which debt was secured by a certificate of title lien on a Ford Thunderbird; and that on the day of such service the appellee applied the amount of the deposit of Jester to the indebtedness which he owed to the appellee. We think garnishee's answer fully reflected no indebtedness or effects due the defendant at the time of the hearing and that appellee's answer complied with the statutes.

■ The trial court allowed garnishee compensation in the sum of $50. Rule 677 of the Rules of Civil Procedure provides reasonable compensation to garnishee will be taxed against the plaintiff where garnishee is discharged upon his answer; or where his answer is contested the costs shall abide the issue of such contest. We think the trial court clearly did not commit error in allowing such compensation.

■ The appellee assigns as error the trial court's failure to award garnishee reasonable compensation for the expenses incurred on appeal to the Court of Civil Appeals and to the Supreme Court. The appellee cites Casray Oil Corp. v. Royal Indemnity Co., Tex.Civ.App.1942, 165 S.W. 2d 244, affirmed 141 Tex. 33, 169 S.W.2d 955. In that case the trial court did allow such compensation for expenses incurred on appeal and the Court of Civil Appeals affirmed the trial court, but after a writ of error was granted by the Supreme Court, the garnishee remitted the compensation in controversy. Consequently, the question raised by the assignment had become moot and the Supreme Court did not pass on this point. In our opinion, this case does not support appellee's contention. No other cases have been cited and we find none allowing such future, uncertain compensation. Appellee's cross assignment of error is overruled.

After carefully considering the record and the briefs, we find no error. Appellant's points of error and appellee's cross point of error are all overruled and the judgment of the trial court is affirmed.