**MOBIL OIL CORPORATION, Appellant,**

**v.**

**COMMERCIAL NATIONAL BANK,**
**Appellee.**

**No. 17508.**

Court of Civil Appeals of Texas,
Dallas.

Oct. 30, 1970.

Barbara L. Welz, Welz, Anderson & Peters, Dallas, for appellant.

John W. Hicks, Jr., Dallas, for appellee.

BATEMAN, Justice.

Mobil Oil Corporation appeals from an unfavorable judgment in its garnishment action against Commercial National Bank. The case was submitted to the trial court on an agreed statement of facts pursuant to Rule 263, Vernon's Texas Rules of Civil Procedure, each party contending that the undisputed facts as a matter of law entitle it to a judgment. Our only task, therefore, is to determine, without regard to the pleadings, whether the judgment was correct. White v. State, 329 S.W.2d 446 (Tex.Civ. App., Dallas 1959, writ ref'd n. r. e.).

*Agreed Facts*

On September 16, 1966 appellant obtained a valid judgment against Billy R. Martin and wife, Melba J. Martin, for $3,909.31 with interest and costs. Writ of garnishment thereunder was served on appellee on September 20, 1966, at which time appellee

was indebted to Billy R. Martin and wife in the sum of $5,091.28, but Billy R. Martin and wife were indebted to the appellee in the sum of $5,033.62 on a promissory note. The appellee offset one indebtedness against the other and acknowledged in its answer its liability to the Martins for the difference of $57.66. Appellee held, as security for the Martins' indebtedness, a chattel mortgage on a motor vehicle and the original certificate of title thereto reflecting its lien. After offsetting the Martins' indebtedness against its indebtedness to them, an officer of appellee executed a release of its lien on the original certificate of title and delivered the clear title to Billy R. Martin. When the writ of garnishment was served, as well as at the time appellee filed its answer, appellee did not know of any other person who was indebted to the Martins or had any effects belonging to them in its possession. Judgment was rendered for appellant in the sum of $57.66 and its attorney's fee.

*Opinion*

The writ of garnishment required appellee to answer *inter alia* what "effects" of the Martins it had in its possession at the time of answering and when the writ was served. Rules 661, 665, T.R.C.P. Appellee was also required to hold any such "effects" in its possession until appellant's rights therein, if any, were adjudicated. Ash v. Aiken, 2 Tex.Civ.App. 83, 21 S.W. 618 (Galveston 1893, no writ). If the certificate of title was such an "effect" appellant has just cause to complain and we should reverse the judgment. On the other hand, however, if the certificate was not such an "effect", as held by the trial court, the judgment should be affirmed. We are not informed of any reported case in any jurisdiction passing on this identical question.

Appellant contends in its four points of error on appeal that the certificate of title was an "effect" belonging to the Martins in the hands of appellee, that appellee thereby had constructive possession of the motor vehicle itself, and that service of the writ

of garnishment on appellee fixed a lien on the motor vehicle in appellant's favor. It argues that appellee had no right to deliver the certificate of title to the Martins, even though appellee's lien on the automobile had been satisfied, but should have held the certificate of title; that the court should have adjudged that possession of the title certificate was constructive possession of the automobile itself and should have adjudged that the appellant had succeeded to the rights of the Martins in the certificate of title, and therefore the ownership of the automobile, after satisfaction of appellee's lien in the manner described.

Vernon's Ann.Civ.St., Article 23, contains definitions by the legislature of certain words used in the Texas statutes, and Item 17 thereof is as follows:

"17. 'Effects' includes all personal property and all interests therein."

The certificate in question was issued, of course, under the Certificate of Title Act (Vernon's Ann.Texas Penal Code, Art. 1436–1). The only purpose of the Act as disclosed in Section 1 thereof is to lessen and prevent the theft of motor vehicles, house trailers, etc., and the importation into this state of, and traffic in, stolen motor vehicles, house trailers, etc., without disclosure to the purchaser of any and all liens thereon. It is said that the legislature intended "to make the certificate of ownership the primary and controlling evidence of title after a motor vehicle has been sold for the first time," Elder Chevrolet Co. v. Bailey County Motor Co., 151 S.W.2d 938, 941 (Tex.Civ.App., El Paso 1941, no writ); Manning v. Miller, 206 S.W.2d 165, 167 (Tex.Civ.App., San Antonio 1947, Ref. n. r. e.), but no appellate court has said that the certificate can be equated with the motor vehicle itself, and we are not persuaded that possession of the one is constructive possession of the other.

As said in 6 Am.Jur.2d, Attachment and Garnishment, § 91, p. 627:

"The general rule is that an attachment or garnishment can be levied only on

property liable to levy and sale on execution or supplementary proceedings, as the final process in a cause."

Texas applies this same criterion, for in Rule 669, T.R.C.P., provision is made for the judgment to be rendered when the garnishee's answer or other proof discloses that the garnishee had in his possession "any effects of the defendant *liable to execution*," etc. (Italics ours.)

Gill v. Oak Cliff Bank & Trust Co., 331 S.W.2d 832 (Tex.Civ.App., Amarillo 1959, no writ), was a garnishment proceeding in which the bank was indebted to the defendant, and the defendant was indebted to the bank in a much larger amount which was secured by a certificate of title lien on an automobile. On the day the writ of garnishment was served on it the bank applied the amount of the debtor's deposit to the indebtedness which he owed to the garnishee. The court said:

"We think garnishee's answer fully reflected no indebtedness *or effects* due the defendant at the time of the hearing and that appellee's answer complied with the statutes." (Italics ours.)

It was held in Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763 (1940), decided prior to the enactment of the Certificate of Title Act, that the registration of a truck in the name of a corporation raised a presumption of ownership, but that such presumption was not "evidence", being only a rule of procedure or an administrative assumption which "vanishes" or is "put to flight" when positive evidence to the contrary is introduced. This was followed by Pioneer Mut. Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202, 204 (1944); and after enactment of the Certificate of Title Act the same holding was made with respect to a certificate of title. Pritchett v. Highway Insurance Underwriters, 158 Tex. 116, 309 S.W.2d 46, 49 (1958).

In the light of all the authorities coming to our attention we have concluded that a certificate of title to an automobile is not such property as is liable to execution and, hence, is not an "effect" subject to garnishment. In its final analysis the certificate is nothing more than a piece of paper containing certain information inscribed on it by the Texas Highway Department reflecting what the records of that agency contain with respect to the vehicle in question. The statute expresses no purpose or intent to invest the certificate of title with the attributes of a property equivalent to the vehicle described thereon, and we find no language in the statute providing for a lien to be fixed on a vehicle by seizure of the certificate of title, or to indicate any such legislative intent.

Accordingly, all of appellant's points of error are overruled and the judgment is affirmed.